UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER JAMES ARNEY, et al.,

    Plaintiffs,

Case No. 1:23-cv-1006

v.

Hon. Hala Y. Jarbou

UNKNOWN PART(Y)(IES),

    Defendant.
_____/

## ORDER

Plaintiffs asked to file this action under seal. The Court denied their request and dismissed the case for lack of jurisdiction. Because some of the documents attached to Plaintiffs' complaint contained social security numbers, the Court also instructed Plaintiffs to file redacted versions of those documents; if they did not do so, the Court would strike them from the record. (9/26/2023 Order, ECF No. 3.)

Before the Court is Plaintiffs' motion to seal the case, titled "Petitioner's Special Motion to Seal Cause" (ECF No. 8), Plaintiffs' motion for reconsideration, titled "Petitioner's Special Motion to Reconsider" (ECF No. 6), along with a brief and attachments filed under seal (ECF No. 7), as well as a motion to amend their brief (ECF No. 9).

*Sealing the Case.* In their motion to seal the case, Plaintiffs apparently seek reconsideration of the Court's denial of their previous request to seal the case. As the Court explained in its previous order, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Plaintiffs have not demonstrated that sealing is warranted. They contend that this case involves "confidential commercial information," but there is no such information in the record. Instead, Plaintiffs have

filed personal documents with the Court under the mistaken impression that the Court can put their assets into a "private trust security estate" that would allow Plaintiffs to discharge their debts. (*See* Compl., ECF No. 1, PageID.4, 6.)  The Court does not have that authority.  Indeed, Plaintiffs' complaint is frivolous.  It does not state a viable claim, it does not identify any defendant, and it fails to provide any basis for federal court jurisdiction.  And for purposes of sealing, Plaintiffs' action does not involve any matter that meets the high standard for sealing a court record.  As the Court explained, the only information submitted by Plaintiffs that would warrant restrictions on public view is the social security numbers in Plaintiffs' documents.  However, the Court gave Plaintiffs specific instructions on how to address that issue.  The Court instructed Plaintiffs to refile their attachments with the social security numbers redacted.  They did not do so.  Instead, they provided additional documents with the social security numbers of themselves and individuals who are apparently deceased (*see* ECF No. 7, PageID.78; ECF No. 7-1, PageID.80-83, 89, 92, 119, 127), contrary to the Court's instructions.  Because Plaintiffs did not follow the Court's instructions regarding the attachments to their complaint, the Court will strike those attachments.

*Sealed Briefing*.  Plaintiffs have filed a motion for reconsideration along with a brief and attachments under seal.  As with their complaint, there is nothing confidential in their brief or attachments that would warrant sealing the entire documents.  Their brief and its attachments appear to contain social security numbers, but those numbers should have been redacted by Plaintiffs to allow public access to the rest of the record.  Accordingly, the Court will strike the brief and attachments to Plaintiffs' motion (ECF No. 7).

*Motion for Reconsideration*.  To the extent Plaintiffs seek reconsideration of the Court's order dismissing the case, the Court finds no error in its decision.  Plaintiffs themselves

acknowledge that they do not know who they are bringing their case against. They identify no claim over which this Court has subject matter jurisdiction.

*Motion to Amend*. Plaintiffs' last motion is a motion to amend their brief. Their proposed corrected brief (ECF No. 10) contains the same flaw as the original in that it contains no information that merits sealing other than social security numbers. Instead of filing the entire brief under seal, Plaintiffs could have filed this brief with social security numbers redacted.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (ECF No. 6), motion to seal the case (ECF No. 8), and motion to amend their brief (ECF No. 9) are **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent Plaintiffs seek to file their briefing and attachments under seal, their request is **DENIED**.

**IT IS FURTHER ORDERED** that the attachments to the Plaintiffs' complaint (ECF No. 1-1), the sealed brief and attachments to their motion for reconsideration (ECF No. 7), and their corrected brief (ECF No. 10) are **STRICKEN** from the record.

Dated: October 11, 2023         /s/Hala Y. Jarbou
                                HALA Y. JARBOU
                                CHIEF UNITED STATES DISTRICT JUDGE